```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
JUSTIN ROBERT DISTEFANO,                     :
                                             :
                         Petitioner,         :   **ORDER DENYING PETITION**
                                             :   **FOR WRIT OF HABEAS**
        -against-                            :   **CORPUS**
                                             :
                                             :   21 Civ. 773 (AKH)
                                             :
WILLIAM PLILER, Warden, FCI Otisville,       :
                                             :
                         Respondent.         :
                                             :
---------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Petitioner Justin Robert DiStefano filed this petition on January 12, 2021, pursuant to 28 U.S.C. § 2241, for award of time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4), and consideration for prerelease custody under 18 U.S.C. § 3624(g). *See* ECF No. 3. For the reasons that follow, the petition is dismissed as unripe.

## BACKGROUND

        Petitioner Justin Robert DiStefano was sentenced to 120 months' imprisonment in the Southern District of Texas for conspiracy to import 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 963(a), 960(a)(1), and 960(b)(1)(H). *See* Gulliver Decl., Ex. F. DiStefano began serving his sentence in July 2015, and was transferred to FCI Otisville on November 6, 2018. Gulliver Decl., at ¶ 2. DiStefano's full sentence will be satisfied on February 14, 2025. *Id.* at ¶ 26. He is projected to receive 303 days of good conduct time and is scheduled to be released from BOP custody on September 14, 2023, assuming that he receives all good conduct time available to him pursuant to 18 U.S.C. § 3624(b). *Id.*

        DiStefano filed the instant petition alleging that he has earned 315 days of time credits under the First Step Act, which the Bureau of Prisons ("BOP") has refused to calculate or

apply to his sentence. *See* ECF No. 3. He claims that, if his time credits earned are applied to his sentence, he would be eligible for immediate release from prison to begin his term of supervised release. DiStefano Decl., at ¶ 30.

## DISCUSSION

The First Step Act ("Act") was signed into law on December 21, 2018. Among other things, the Act directs the Attorney General to develop a risk and needs assessment system "[n]ot later than 210 days after the date of enactment of this subchapter," or by July 19, 2019. 18 U.S.C. § 3632(a). After the release of the system, the BOP had 180 days—that is, by January 15, 2020—to implement and complete the initial needs assessment for each prisoner. 18 U.S.C. § 3632(h)(1)(A). The record indicates that both of these two deadlines were met.[1] Thereafter, the BOP has two years, or until January 15, 2022, to phase in programming and provide "evidenced based recidivism reduction programs and productive activities for all prisoners . . . ." 18 U.S.C. § 3632(h)(2)(A)–(B). During the phase-in period, "the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date." 18 U.S.C. § 3621(h)(3). The Act also provides for a "[p]reliminary expansion of evidence-based recidivism reduction programs and authority to use incentives," pursuant to which the BOP "may offer to prisoners who successfully participate in such programs and activities . . . incentives" such as time credits. 18 U.S.C. § 3621(h)(4).

The Government argues that DiStefano's petition is not ripe for review because the BOP is not required to provide evidence-based recidivism reduction programing and productive activities for all prisoners, or calculate or apply time credits earned, until January 15,

---

[1] *See* Press Release, Department of Justice Announces the Release of 3,100 Inmates Under the First Step Act, Publishes Risk and Needs Assessment System, https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act; Press Release, Department of Justice Announces Enhancements to the Risk Assessment System and Updates on First Step Act Implementation, https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act.

2022.  The Government relies on the two-year phase-in period set out in the Act, which commenced on January 15, 2020, 18 U.S.C. § 3621(h)(2), and the language in the Act that the BOP "may" provide the programs and incentives during the phase-in period.  18 U.S.C. § 3621(h)(4).

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies."  U.S. Const., Art. III, § 2.  To establish standing under Article III, the party seeking relief must establish that it suffered an actual injury, traceable to the conduct of the adverse party, and redressable by a favorable court decision.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  In particular, the alleged injury must be "actual or imminent, not conjectural or hypothetical."  *Id.*  A claim is therefore unripe "if it depends upon contingent future events that may or may not occur as anticipated, or indeed may not occur at all."  *Kurtz v. Verizon N.Y., Inc.*, 758 F.3d 506, 511 (2d Cir. 2014).

Here, DiStefano has not alleged any actual or imminent injury.  The Act does not require the award of time credits earned until the end of the two-year phase-in period, namely until January 15, 2022.  18 U.S.C. § 3621(h)(2).  During the two-year period, the Act specifically leaves it to the BOP to determine in its discretion whether to expand existing programs or offer to prisoners participating in such programs incentives and rewards.  18 U.S.C. § 3621(h)(4).  While the BOP has statutory obligations during the phase-in period to provide evidence-based recidivism reduction activities for all prisoners and to develop and validate the risk and needs assessment to be used in the reassessments of risk of recidivism, *see* 18 U.S.C. § 3621(h)(2)(A)–(B), the BOP is not required to award incentives until the end of the phase-in period.  Until then, the Court lacks any basis to conclude that the BOP's failure to provide time credits is a violation of the Act or DiStefano has any right to time credits earned that the Court can enforce.

The overwhelming majority of courts faced with this issue have agreed with this view.  *See, e.g.*, *Cohen v. United States*, No. 20 Civ. 10833 (JGK), 2021 WL 1549917, at *3

3

(S.D.N.Y. Apr. 20, 2021); *Kennedy-Robey v. FCI Pekin*, No. 20 Civ. 1371, 2021 WL 797516, at *4 (C.D. Ill. Mar. 2, 2021); *Hand v. Barr*, No. 20 Civ. 00348, 2021 WL 392445, at *5 (E.D. Cal. Feb. 4, 2021) (report and recommendation); *Llewlyn v. Johns*, 20 Civ. 77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), report and recommendation adopted, No. 20 Civ. 77, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021); *Herring v. Joseph*, No. 20 Civ. 249, 2020 WL 3642706, at *1 (N.D. Fla. July 6, 2020).

Because DiStefano's petition is unripe under Article III of the Constitution, the Court is without jurisdiction to reach the Government's arguments that DiStefano failed to exhaust administrative remedies or that he is not entitled to time credits earned.

## CONCLUSION

For all the foregoing reasons, the petition is dismissed. The Clerk shall terminate the open motion and mark the case closed.

SO ORDERED.

Dated: July 5, 2021  _____/s/_____
New York, New York  ALVIN K. HELLERSTEIN
United States District Judge

4